IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jacqueline B.,

      Plaintiff,                                    Case No. 2:25-cv-295

v.                                        District Judge James L. Graham

                                                Magistrate Judge Kimberly A. Jolson

Frank Bisignano, Commissioner
of Social Security,

      Defendant.

Opinion and Order

Plaintiff Jacqueline B. filed an application for Disability Insurance Benefits on October 6, 2021, alleging disability beginning March 23, 2021 due to depression, anxiety, migraines, incisional hernia, and polycystic ovarian syndrome. An Administrative Law Judge (ALJ) denied Plaintiff's application in a written decision. After the Appeals Council denied Plaintiff's request for review, she filed the instant suit.

Plaintiff's Statement of Errors was referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) for a Report and Recommendation, which was issued on November 25, 2025. The Magistrate Judge recommended that the Commissioner of Social Security's decision denying benefits be affirmed. This matter is now before the Court on Plaintiff's objection to the Report and Recommendation.

**I.**

The ALJ conducted a review of the evidence concerning Plaintiff's physical and mental impairments. The ALJ found that she has physical limitations, which are not at issue in the present action. Regarding mental impairments, the ALJ reviewed the diagnosis and treatment of Plaintiff's mild major depressive disorder with anxiety. The ALJ found that conservative treatment in the form of counseling and medications was effective. The ALJ summarized as follows:

> Mentally, [Plaintiff] also showed improved moods and progress with conservative treatment, including medication management and counseling. Her mental status exams are consistent with anxiety and depression, but otherwise largely intact (see Exhibits 2F, 8F, 9F, 10F, 14F). [Plaintiff]'s activities of daily living are somewhat limited due to lack of motivation; however, she was able to do some household chores, drive, prepare dinner, travel, and play video games (see e.g., Exhibits 9F, 14F/799, 745, 251, 283, 733, 810, 776, 270). She appears well groomed (Exhibit 2F, 9F).

(R. at 53).

1

The ALJ determined that Plaintiff has the following impairments: obesity, diabetes, migraine headaches, hypertension, incarcerated ventral hernia status-post repair, polycystic ovarian syndrome, and major depressive disorder with anxious distress.  The ALJ found, however, that none of Plaintiff's impairments, either singly or in combination, meets or medically equals a listed impairment.  The ALJ noted that conservative treatment had been effective in alleviating the physical and mental symptoms of her impairments.

The ALJ assessed Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can never climb ladders, ropes, or scaffolds.  She can occasionally climb ramps and stairs. She can occasionally balance as that term is defined in the Dictionary of Occupational Titles.  She can occasionally stoop, kneel, crouch and crawl.  She would need to avoid exposure to all hazards, including commercial driving, operating hazardous machinery, and unprotected heights.  She can understand, remember and carry out simple instructions.  She cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas.  She can tolerate occasional interaction with coworkers and supervisors.  She can have no interaction with the public.  She can deal with occasional changes in a routine work setting.  She must avoid exposure to bright lights such as direct sunlight.

(R. at 48–49).

Relying on a vocational expert's testimony, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs which exist in significant numbers in the national economy that Plaintiff can perform at the light exertional level, such as a marker, router, garment sort, or small parts assembler. (R. at 55–56).  The ALJ thus concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 23, 2021, through the date of this decision (20 CFR 404.1520(g))." (R. at 56).

## II.

In her Statement of Errors, Plaintiff asserted that the ALJ erred when evaluating the medical source opinion of consultative psychologist, Jessica Twehues, Psy.D., as well as the opinions of two state agency reviewing psychologists.  As an initial matter, it should be noted that the Magistrate Judge found no error in the ALJ's evaluation of the opinions of the two state agency psychologists, and Plaintiff has not objected to the Magistrate Judge's determination in that regard.

With respect to Dr. Twehues, Plaintiff challenged the ALJ's decision not to give full weight to certain aspects of Dr. Twehues's opinion.  Specifically, the ALJ found the following aspects of her opinion to be "not fully persuasive": that Plaintiff was easily distracted, prone to high rates of

absenteeism, and would have difficulty coping with workplace stress.  (R. at 54).  The ALJ did, however, give some weight to Dr. Twehues's opinion and "incorporated appropriate limitations into the residual functional capacity."  (*Id.*).

The Magistrate Judge reviewed the ALJ's treatment of Dr. Twehues's opinion for supportability and consistency.  An ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."  20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider five factors: (1) supportability; (2) consistency; (3) the medical professional's relationship with Plaintiff; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements."  § 404.1520c(c)(1)–(5).  Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered.  *See* 20 C.F.R. § 404.1520c(b)(2).

The Magistrate Judge found that the ALJ properly analyzed both the supportability and consistency of Dr. Twehues's opinion.  Briefly stated, the Magistrate Judge found that the ALJ properly explained that the conclusions at issue were not supportable because they conflicted with the results of Dr. Twehues's own psychological and mental status examinations of Plaintiff.  And as to consistency, the Magistrate Judge determined that the ALJ had properly compared the conclusions at issue to other record evidence and found them to be in conflict with Plaintiff's counseling records and primary care treatment records, as well as the conclusions of other medical opinions.

### III.

The Court conducts a *de novo* review of the portion of the Report and Recommendation to which Plaintiff objects.  *See* 28 U.S.C. § 636(b)(1)(C).  Plaintiff's objection concerns only the supportability factor.  Supportability requires the ALJ to evaluate how much the medical conclusions are supported internally, as well as by other treatment notes and exams by the evaluating physician.  *See* 20 C.F.R 404 § 1520c(c)(1).

Important to the Magistrate Judge's analysis of the supportability factor was that the ALJ put weight on the fact that Dr. Twehues herself had conducted a psychological assessment and a mental status examination of Plaintiff.  In the ALJ's view, the conclusions which Dr. Twehues gave – that Plaintiff was easily distracted, prone to high rates of absenteeism, and would have difficulty coping with workplace stress – conflicted with the findings and results of Dr. Twehues's psychological assessment and mental health status examination.  Those evaluations found "only mild to moderate interpersonal conflict, moderate symptoms of depression and anxiety," and no severe

psychopathology.  (R. at 54).  Dr. Twehues observed that Plaintiff was "pleasant and cooperative," was able to follow instructions and engage in conversation, and had "normal intellectual abilities."  (R. at 47, 51).  The ALJ found that Dr. Twehues, in arriving at the conclusion that Plaintiff could not function in a workplace environment (because of distraction, likely high absenteeism, and stress) had relied too heavily on Plaintiff's subjective, self-reported limitations and had done so contrary to the results of the psychological and mental health assessments.  In light of the ALJ's review of the evidence and express discussion of why the conclusions at issue were not fully persuasive, the Magistrate Judge found that the ALJ had properly evaluated the supportability of Dr. Twehues's opinion.

In her objection, Plaintiff takes aim at the following passage of the Magistrate Judge's Report and Recommendation:

> [T]he ALJ found that in coming to her conclusions, Dr. Twehues "did not offer a specific function-by-function assessment of what the claimant could do despite her impairments."  (R. at 54 (citing R. at 657)).  In similar circumstances, this Court has found such an analysis [by the ALJ] to satisfy the supportability component.  *Cf. Misty K. v. Comm'r of Soc. Sec.*, No. 2:21-CV-548, 2022 WL 4376229, at *6 (S.D. Ohio Sept. 22, 2022) ("As for supportability, the ALJ is correct in describing Dr. Cooperrider's opinion as vague.  Dr. Cooperrider merely asserts that that Plaintiff is legally blind and unable to perform most work activities"); *see also Tonya J. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00757, 2022 WL 4621621, at *4 (S.D. Ohio Sept. 30, 2022) (holding the ALJ conducted a supportability analysis where the medical opinion didn't include specific functional limitations and the ALJ found the opinion was, thus, "vague as to the actual levels of functional ability or limitations.").

Doc. 10 at PAGEID 1804.

Plaintiff argues that the Magistrate Judge erred because the cited cases relate to a vagueness problem, while the ALJ here did not find Dr. Twehues's opinions to be vague.  Upon review of the ALJ's decision, the Court agrees that the ALJ did not use the term "vague" to describe Dr. Twehues's opinion.  Even so, the Court finds the cases cited by the Magistrate Judge to be instructive because the underlying concern in those cases was that the medical opinions lacked internal support – their conclusions were not anchored in specific medical facts or findings.  So too here, Dr. Twehues's conclusion as to the severe limitations on Plaintiff's ability to cope with a workplace environment is, without more, overbroad and not supported by the particularized findings she made in her psychological assessment and mental status examination.  In the absence of a function-by-function assessment by Dr. Twehues, it was reasonable for the ALJ to find that Dr. Twehues's conclusions could not be logically traced back to the results of the assessment and examination.  As the ALJ observed, the only consideration which could explain how Dr. Twehues arrived at her expansive view

4

of Plaintiff's limitations was Plaintiff's self-reporting.  The ALJ permissibly found Dr. Twehues's reliance on self-reporting to be "less persuasive" in light of the record evidence, including the psychological assessment and mental status examination conducted by Dr. Twehues.  (R. at 54).  *See Michael R. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4117, 2023 WL 6160626, at *6 (S.D. Ohio Sept. 21, 2023) (holding that the ALJ permissibly discounted a medical opinion which was based on the claimant's self-reports and was contradicted by the medical professional's own treatment records of the claimant)..

Finally, Plaintiff contends that the Magistrate Judge improperly created a *post hoc* rationalization to bolster the ALJ's decision.  She argues that "the ALJ's evaluation of Dr. Twehues' opinions does not suggest that her opinions were based on [Plaintiff's] subjective complaints."  Doc. 11 at PAGEID 1817.  The Court disagrees.  Though the ALJ's analysis did not use the term "subjective complaints," it plainly discussed Dr. Twehues's reliance on Plaintiff's "self-reported" complaints.  (R. at 54).  As the ALJ directly explained, "Dr. Twehues did not offer a specific function-by-function assessment of what the claimant could do despite her impairments," but instead she "reiterated" Plaintiff's "self-reported symptoms and limitations."  (*Id.*).

The Court thus finds that the ALJ sufficiently analyzed the supportability of Dr. Twehues's opinion.

## IV.

On *de novo* review, the Court finds that the ALJ's decision is supported by substantial evidence.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); 42 U.S.C. § 405(g).  Accordingly, Plaintiff's objection (Doc. 11) to the Report and Recommendation is OVERRULED.  The Report and Recommendation (Doc. 10) is hereby adopted in its entirety and the Court AFFIRMS the Commissioner's decision.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: February 9, 2026

5